KAREN L. LOEFFLER
United States Attorney

YVONNE LAMOUREUX
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: yvonne.lamoureux@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:16-cr-00130-TMB |
| Plaintiff, | **PLEA AGREEMENT** |
| vs. | |
| ROBERT JOSEPH KLIMA, | |
| Defendant. | |

**Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.**

## I. TERMS OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11, WAIVER OF CLAIM FOR ATTORNEY'S FEES AND COSTS

### A. Terms of Agreement

The defendant agrees to plead guilty to the Information filed in this case which charges a Class A misdemeanor violation of Freedom of Access to Clinic Entrances. The United States agrees to dismiss the Indictment without prejudice after sentencing as detailed in Section V. The United States agrees not to prosecute the defendant further based upon facts now known for any other offense related to the events that resulted in the charges contained in the Indictment and related to the defendant's admissions set forth in Section II C. The parties agree, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), to recommend that the defendant be sentenced to a five-year term of probation with special conditions that (1) the defendant serve three months in home detention; (2) the defendant shall not consume any alcohol and shall not possess any alcoholic beverages during the period of probation; (3) the defendant shall obtain an alcohol and substance abuse assessment and follow all recommendations, and participate in and fully comply with an alcohol and substance abuse treatment program approved by the United States Probation Office, which program shall include testing to determine whether the defendant has reverted to the use of drugs or alcohol; (4) the defendant shall participate in anger management classes; (5) the defendant shall obtain a mental

health assessment and follow all recommendations; and (6) the defendant shall not contact Planned Parenthood in any manner, telephonically, electronically, or physically.

The parties are free to make sentencing recommendations consistent with this agreement. Any agreements the parties have on sentencing recommendations and guideline applications are set forth in Section III. The defendant will waive all rights to appeal the conviction and sentence imposed under this agreement. The defendant will also waive all rights to collaterally attack the conviction and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the pleas.

### B. Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A) and (B) will control this plea agreement.

### C. Waiver of Claim for Attorney Fees and Costs

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party.

//

//

//

//

## II. CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE, FORFEITURE

### A. Charges

The defendant agrees to plead guilty to the following count of the Information:

Count 1: Freedom of Access to Clinic Entrances, a violation of 18 U.S.C. § 248

### B. Elements

The elements of the charge to which the defendant is pleading guilty are as follows:

**Count 1:** **Freedom of Access to Clinic Entrances (18 U.S.C. § 248)**

1. The defendant did by threat of force, intentionally intimidate or interfere with, or attempt to intimidate or interfere with any person; and

2. The defendant did so in order to intimidate that person or any class of persons from providing reproductive health services.

### C. Factual Basis

The defendant admits the truth of the allegations in Count 1 of the Information and the truth of the following statement, and the parties stipulate that

the Court may rely upon this statement to support the factual basis for the guilty plea and for the imposition of the sentence:

The defendant admits that on or about November 6, 2016, he intentionally intimidated and interfered with, and attempted to intimidate and interfere with reproductive health care providers at the Planned Parenthood Clinic in Anchorage, Alaska by threat of force in order to intimidate them from providing reproductive health services.  Specifically, the defendant left three threatening voicemail messages for reproductive health care providers at the Planned Parenthood within a one and a half-hour timeframe on the night of November 6, 2016.  In the first voicemail message, the defendant stated that if reproductive health care providers at Planned Parenthood performed an abortion for another individual, the defendant would "treat you just as a murderer who murdered my child."  The defendant also stated, "I can guarantee you I know what to do."  In the second voicemail message, the defendant instructed the reproductive health care providers at Planned Parenthood to call him back to "avoid any kind of unpleasantries" that may result if an abortion was performed for that other individual.  In the third voicemail message, the defendant told the reproductive health care providers at Planned Parenthood, "I got a message today and apparently there is an RPG trained on your position.  I suggest not being open tomorrow."  "RPG" referred to a rocket-propelled grenade, an explosive.

On the same day, November 6, 2016, the defendant texted another individual that "I have absolutely no problem killing someone who killed my child," "I can and will put a bullet right through their forehead and go ahead and have coffee afterwards," and "I don't even care if you call the police to try and stop me because it won't be able to. I'm going to kill the person who murdered my child and that's that."

**D.  Statutory Penalties and Other Matters Affecting Sentence**

**1.  Statutory Penalties**

The statutory penalties applicable to the charges to which the defendant is pleading guilty, based on the facts to which the defendant will admit in support of the guilty plea, are as follows:

<u>**Count 1:**</u>  **Freedom of Access to Clinic Entrances (18 U.S.C. § 248)**

1) a maximum 1 year imprisonment;

2) a maximum 5 years' probation;

3) a maximum $100,000 fine;

4) a $25 mandatory special assessment; and

5) a maximum one year supervised release.

//
//
//

2. **Other Matters Affecting Sentence**

   a. **Conditions Affecting the Defendant's Sentence**

The following conditions may also apply and affect the defendant's sentence: 1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the Court may order the defendant to pay restitution pursuant to 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1.

   b. **Payment of Special Assessment**

The defendant agrees to pay the entire special assessment in this case on the day the Court imposes the sentence. All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

E. **Restitution**

The parties have no agreement regarding restitution.

//

U.S. v. Klima
3:16-cr-00130-TMB                     Page 7 of 16

Case 3:16-cr-00130-TMB   Document 42   Filed 01/11/17   Page 7 of 16

F.  **Ultimate Sentence**

The defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

III. **ADVISORY UNITED STATES SENTENCING GUIDELINES; GUIDELINE APPLICATION AGREEMENTS; SENTENCING RECOMMENDATIONS**

A.  **Advisory United States Sentencing Guidelines**

The Court must consult the advisory United States Sentencing Commission Guidelines [U.S.S.G.] as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose. The U.S.S.G. do not establish the statutory maximum or minimum sentence applicable to the offenses to which the defendant is pleading guilty. The U.S.S.G. are not mandatory and the Court is not bound to impose a sentence recommended by the U.S.S.G.

B.  **Guideline Application Agreements**

The parties have no agreements on any guideline applications unless set forth below in this section.

1.  **Acceptance of Responsibility**

Subject to the defendant satisfying the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to recommend the defendant for a two level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment

for acceptance of responsibility. If, at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set out in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

### C. Sentencing Recommendations

The parties agree, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), to recommend that the defendant be sentenced to a five-year term of probation with special conditions that (1) the defendant serve three months in home detention; (2) the defendant shall not consume any alcohol and shall not possess any alcoholic beverages during the period of probation; (3) the defendant shall obtain an alcohol and substance abuse assessment and follow all recommendations, and participate in and fully comply with an alcohol and substance abuse treatment program approved by the United States Probation Office, which program shall include testing to determine whether the defendant has reverted to the use of drugs or alcohol; (4) the defendant shall participate in anger management classes; (5) the defendant shall obtain a mental health assessment and follow all recommendations; and (6) the defendant shall not contact Planned Parenthood in any manner, telephonically, electronically, or physically.

The parties have no other agreements concerning the sentence to be imposed, and are free to recommend to the Court their respective positions on any

other sentencing issues in this case based on the stipulated facts set forth in Section II C, any additional facts established at the imposition of sentence hearing, the applicable statutory penalty sections, the advisory U.S.S.G., and the sentencing factors set forth in 18 U.S.C. § 3553.

### IV. WAIVER OF TRIAL, APPELLATE RIGHTS, AND COLLATERAL ATTACK RIGHTS

#### A. Trial Rights

Being aware of the following, the defendant waives these trial rights:

- If pleading to an information, the right to have the charges presented to the grand jury prior to entering the guilty plea;

- The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

- The right to object to the composition of the grand or trial jury;

- The right to plead not guilty or to persist in that plea if it has already been made;

- The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;

- The right to be represented by counsel at trial and if necessary to have a counsel appointed at public expense to represent the defendant at trial – the defendant is not waiving the right to have counsel continue to represent the defendant during the sentencing phase of this case;

- The right to confront and cross examine witnesses against the defendant, and the right to subpoena witnesses to appear in the defendant's behalf;

- The right to remain silent at trial, with such silence not to be used against the defendant, and the right to testify in the defendant's own behalf; and

- The right to contest the validity of any searches conducted on the defendant's property or person.

**B.     Appellate Rights**

The defendant waives the right to appeal the conviction resulting from the entry of guilty plea to the charge set forth in this agreement. The defendant further agrees that if the Court imposes a sentence that does not exceed the statutory maximum penalties – as set forth in Section II D above in this agreement, the defendant waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes – including forfeiture (if

applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution.

### C. Collateral Attack Rights

The defendant agrees to waive all rights to collaterally attack the resulting convictions and/or sentence – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution – the Court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel – based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty pleas.

## V. ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty plea and the Court's acceptance of the defendant's plea and the terms of this agreement, the United States agrees that it will not prosecute the defendant further for any other offense – now known – arising out of the subject of the investigation related to the charges brought in the information in this case and the defendant's admissions set forth in Section II C. Provided, however, if the defendant's guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if the defendant's sentence or conviction is vacated,

reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury and false statements. After sentencing, the United States will dismiss the Indictment.

## VI. ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2 (d)(7) and (8), this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be applicable to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument.

## VII. THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, ROBERT JOSEPH KLIMA, the defendant, affirm this document contains all of the agreements made between me – with the assistance of my attorney – and the United States regarding my plea. There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, I and the United States will jointly inform the Court in writing before I enter my guilty plea.

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea. If there were, I would so inform the Court.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under an oath to answer questions about the offenses to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my pleas. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty plea. My attorney and I have discussed all possible defenses to the charges to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statutes applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

Based on my complete understanding of this plea agreement, I therefore wish to enter a plea of guilty to Count 1 of the Information.

DATED: 10 Jan 2017

ROBERT JOSEPH KLIMA
Defendant

As counsel for the defendant, I have discussed all plea offers and the terms of this plea agreement with the defendant, and have fully explained the charges to

which the defendant is pleading guilty and the necessary elements, all possible defenses, and the consequences of a guilty plea. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 1/9/17

JAMIE MCGRADY
Attorney for Robert Klima

On behalf of the United States, the following accept the defendant's offer to plead guilty under the terms of this plea agreement.

DATED: 1/11/2017

YVONNE LAMOUREUX
Assistant U.S. Attorney
United States of America

U.S. v. Klima
3:16-cr-00130-TMB                    Page 16 of 16

Case 3:16-cr-00130-TMB    Document 42    Filed 01/11/17    Page 16 of 16